UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**CHERRYL AUGUSTE,**

                              **Plaintiffs,**

    vs.
                                                    **8:24-CV-66
                                                    (MAD/CFH)**

**U.S. CUSTOMS AND BORDER
PROTECTION, et al.,**

                              **Defendants.**
_____

APPEARANCES:                                      OF COUNSEL:

**CHERRYL AUGUSTE**
2558 Regina Street
Ontario, Canada K2B6X6
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On January 1, 2024, Plaintiff Cherryl Auguste commenced this *pro se* action in the Southern District of New York on behalf of herself and her three children. *See* Dkt. No. 1. Plaintiffs subsequently moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2. On January 8, 2024, the Southern District of New York entered an order transferring the matter to this Court. *See* Dkt. Nos. 4, 5. On January 20, 2024, Plaintiffs moved for a temporary injunction, *see* Dkt. No. 9, and subsequently moved for appointment of counsel on January 22, 2024. *See* Dkt. No. 10. In a Report-Recommendation and Order dated May 15, 2024, Magistrate Judge Hummel reviewed Plaintiffs' complaint, IFP application, motion for application for temporary

1

injunction, and motion to appoint counsel.  *See* Dkt. Nos. 1, 2, 9, 10, 12.

Magistrate Judge Hummel granted Plaintiffs' IFP application and denied Plaintiffs' motion for appointment of counsel.  *See* Dkt. No. 12.  Magistrate Judge Hummel also recommended that: (1) minor Plaintiffs' claims be dismissed and they be terminated as plaintiffs in this action; (2) Plaintiff's claims be dismissed with prejudice and without leave to amend insofar as they relate to injury in Canada and insofar as they raise Section 1983 or *Bivens* claims against named federal agencies; and (3) Plaintiff's other claims be dismissed without prejudice and with leave to amend.  *See id.*  No objections have been filed to the Report-Recommendation and Order.

## II. BACKGROUND

The Court assumes the parties' familiarity with the relevant factual background in this matter and, to the extent consistent with the record, adopts the factual recitation contained in Magistrate Judge Hummel's May 15, 2024, Report-Recommendation and Order.  *See* Dkt. No. 12 at 1, 5-6.

## III. DISCUSSION

**A.    Legal Standards**

Under 28 U.S.C. § 1915(e)(2)(B), when a plaintiff proceeds *in forma pauperis*, the court "shall dismiss the case at any time if the court determines that  . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Since Plaintiff is proceeding *pro se*, the Court must review her pleadings under a more lenient standard than that applied to "formal pleadings drafted by lawyers."  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  As the Second Circuit has held, courts are required to "make reasonable allowances to protect *pro se*

2

litigants" from inadvertently forfeiting legal rights because of their lack of formal legal training. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

In reviewing a complaint under Section 1915(e), the district court may also consider relevant portions of the Federal Rules of Civil Procedure. Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule is intended to "'give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense.'" *Hudson v. Artuz*, No. 95-CV-4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)) (other citations omitted). Dismissal is not appropriate so long as the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

When a party declines to file objections to a magistrate judge's report-recommendation or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the district court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679

(S.D.N.Y. 2007).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**B.     Analysis**

Having carefully reviewed the May 15, 2024, Report-Recommendation and Order and the applicable law, the Court finds that Magistrate Judge Hummel correctly determined that Cherryl Auguste, as a *pro se* plaintiff, cannot represent her children, and that minors[1] cannot represent their own interests *pro se*.  *See Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself") (citation omitted); *see also Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 133 (2d Cir. 2009) (holding that a non-attorney parent may not bring suit on behalf of their minor child without representation by counsel).  Accordingly, Davoriian Auguste, Kerome Brown Jr., and Aiden Auguste are dismissed from this case without prejudice to rejoin if they are represented by an attorney.  The Court regards Cherryl Auguste as the only Plaintiff in this matter.

The Court notes, as a preliminary matter, that it must consider whether it has subject matter jurisdiction.  *See Speer v. City of New London*, 537 F. Supp. 3d 212, 223 (D. Conn. 2021) ("At the outset of any case, the Court must consider whether the action falls within its subject matter jurisdiction").  As Magistrate Judge Hummel determined, it is not clear from the complaint whether Plaintiff has filed for asylum, had a determination before an immigration judge, or what process she was afforded related to her immigration status.  *See* Dkt. No. 12 at 14-17.  Magistrate Judge Hummel correctly noted that whether, and in what manner, Plaintiff was denied entry into

---

[1] Because Plaintiff has not objected, the Court adopts Magistrate Judge Hummel's assumption that Plaintiff's named children are minors.  *See* Dkt. No. 12 at 7.

the United States determines whether the Court has subject matter jurisdiction over her claim. *See Nawaz v. United States Dep't of State*, No. 22-CV-05343, 2024 WL 99486, *2 (E.D.N.Y. Jan. 9, 2024) (dismissing the plaintiff's claim for lack of subject matter because the doctrine of consular nonreviewability bars review).

Insofar as Plaintiff's complaint can be interpreted as seeking to bring a claim relating to her arrest and resulting injury, both of which occurred outside of the United States, and both of which were presumably effectuated by Canadian officials, Magistrate Judge Hummel correctly determined that this Court is the improper venue. *See* Dkt. No. 12 at 9; *see also Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970) (holding that, to establish a claim under section 1983, a plaintiff must first "prove that the defendant has deprived him of a right secured by the 'Constitution and laws' of the United States"). Accordingly, Plaintiff's claims related to arrest and injury outside of the United States and by agents of a country other than the United States are dismissed with prejudice.

Magistrate Judge Hummel correctly determined that Plaintiff's claims against named federal agencies are not cognizable as pleaded because the doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies, except where sovereign immunity has been waived. *See* Dkt. No. 12 at 10-12; *see also United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). As Magistrate Judge Hummel explained, in *Bivens*, the Supreme Court recognized an "implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights," and has since been very reluctant to extend *Bivens* to new contexts. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001) ("In 30 years of *Bivens* jurisprudence, the Court has extended its holding only twice"). Although Plaintiff cannot proceed

5

against the named federal agencies under a *Bivens* theory of liability, she could proceed against individual officers in their individual capacities under *Bivens*. *See Berry v. Golden*, No. 3:24-CV-292, 2024 WL 2862294, *2 (D. Conn. June 6, 2024) (citing *FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994)) ("A *Bivens* claim may be brought against a federal official in his individual capacity, rather than his official capacity, and only for his own acts").  Accordingly, Plaintiff's claim is dismissed with leave to amend to name individual federal officers and dismissed without leave to amend with respect to claims against federal agencies.

      Magistrate Judge Hummel correctly determined that Plaintiff has not shown that the Court has subject matter jurisdiction and therefore has not shown that she is likely to succeed in the merits of her motion for preliminary injunction.  *See* Dkt. No. 12 at 21; *see also Guettlein v. United States Merch. Marine Acad.*, 577 F. Supp. 3d 96, 102 (E.D.N.Y. 2021) (denying the plaintiff's request for a preliminary injunction where "Plaintiffs have not shown a likelihood of success on the merits because the Court lacks subject matter jurisdiction over Plaintiffs' claim"). Magistrate Judge Hummel determined that Plaintiff "is seeking to expedite what appears to be the ultimate relief she is seeking in this action" but has not pleaded sufficient factual information about her attempts to enter the United States, or what process she was afforded.  *See* Dkt. No. 12 at 21.  The Court finds no error with Magistrate Judge Hummel's conclusion that Plaintiff's motion for a preliminary injunction should be denied.  *See Eng v. Smith*, 849 F.2d 80, 82 (2d Cir. 1988) (Holding that, "where injunctive relief does not merely maintain the status quo, but rather grants the movant substantially all the relief he ultimately seeks, a more stringent standard is required —the movant 'must show a substantial likelihood of success on the merits'") (internal quotation omitted).

### IV. CONCLUSION

Accordingly, after carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order is **ADOPTED** in its entirety; and the Court further

**ORDERS** that minor Plaintiffs Davoriian Auguste, Kerome Brown, Jr., and Aiden Auguste are **DISMISSED** and terminated as Plaintiffs in this action and **ORDERS** that the caption be updated to reflect their termination; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED in part with prejudice and without opportunity to amend**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED in part without prejudice and with opportunity to amend**; and the Court further

**ORDERS** that Plaintiff's motion for a preliminary injunction (Dkt. No. 9) is **DENIED**; and the Court further

**ORDERS** that Plaintiff shall file her amended complaint within THIRTY (30) DAYS of the filing date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that if Plaintiff fails to file an amended complaint within THIRTY (30) DAYS of this Memorandum-Decision and Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: July 26, 2024
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge